BARCKLEY &
AL.
*vs.*
EVAN'S EX'RX.

——◦◦◦——

## SEAL vs. ERWIN & AL.

APPEAL from the court of the fourth district.

MARTIN, J. delivered the opinion of the court. The plaintiff claims $500 dollars and a quantity of provisions, as overseer of the defendant's plantation, having been discharged, before his term of service expired.—He had judgment and they appealed.

1st. Their counsel urges the court erred in refusing, on their motion, to dismiss the plaintiff's action, showing his time of service had not expired, and, consequently, nothing was, as yet due him, and he was premature in bringing his action.

2. In allowing evidence to be given of the provisions, as none was stated in the petition.

3. In allowing the letter of the defendant, Erwin, which contained no contract, but a mere pollicitation, to be read.

4. In rejecting the defendant's answer to an interrogatory in the petition, because it had

If the defendant promised to deliver to the plaintiff, his overseer, a quantity of provisions for himself and family, they cannot be withholden till the end of the year.

It is not a fatal objection to his petition, claiming their value in money, that their value is not stated.

If A. propose to B. to take charge of his plantation as an overseer for a certain allowance, B's going on and taking charge of it, is evidence of his assent to the terms.

Nothing requires the defendant's answer to the plaintiff's interrogatories to be inserted in the answer to the petition.

East'n District.
March, 1821.

SEAL
vs.
ERWIN & AL.

not been inserted in the answer to the petition.

I. The petition states, the money and provisions to have been promised absolutely, without the mention of any time of payment or delivery. The plaintiff might therefore, well contend that they were due immediately, and might show by evidence that this was the case. The provisions being stated to consist, among other things, of so much meal as might be sufficient for his family during the time of his service. The allegation must be understood to refer to a delivery before the end of that period.

II. The plaintiff claims those provisions in kind, or their value in money. It would have been clerical to state, what that value is, but the neglect of doing so, does not appear to us, to preclude the plaintiff from offering testimony, to fix this value.

III. A pollicitation becomes often the basis of the contract It requires, in order to be ripened into a perfect contract, the acceptance of the party to whom it is made. In the present case, the plaintiff showed he accepted the terms offered him, by assuming the charge of the defendants' plantation. As the terms of payment were contained in the letter, it was correctly admitted in evidence.

East'n District:
March, 1824.

IV. Nothing requires that the answer to the plaintiff's interrogatories should be inserted in the defendant's answer to the petition. Unnecessary delay might often be the consequence, if the answer to the petition was necessarily to be delayed till the interrogatories could be answered.

In the present case, the answer was filed before the trial. The court erred in rejecting it.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and the verdict set aside, and the cause remanded, with instructions to the judge to proceed thereon, as if no trial had been had and to suffer the answer of the defendant, Erwin, to the plaintiff's interrogatory to be read—the costs of the appeal to be borne by the plaintiff and appellee.

*Hennen* for the plaintiff, *Preston* for the defendants.